[Crim. No. 448.   Third Appellate District.—September 17, 1918.]

## THE PEOPLE, Respondent, v. WONG BOW, Appellant.

CRIMINAL LAW—FAILURE TO FILE BRIEFS.—Where on appeal from a judgment and order denying a new trial in a criminal case, the defendant has filed no briefs, and his time has not been extended an appellate court is not called upon to review the transcript.

ID.—ARSON—JUDGMENT OF CONVICTION AFFIRMED.—On this appeal from a judgment and order denying a new trial in a prosecution for arson, the appellate court finds the verdict sustained by the evidence, and the record free from prejudicial errors.

APPEAL from a judgment of the Superior Court of Sonoma County, and from an order denying a new trial. Emmet Seawell, Judge.

The facts are stated in the opinion of the court.

W. F. Geary and W. V. Vallandigham, for Appellant.

U. S. Webb, Attorney-General, and J. Chas. Jones, Deputy Attorney-General, for Respondent.

THE COURT.—Defendant, a Chinese boy, nineteen years of age, was informed against by the district attorney of Sonoma County, California, on the charge of arson. Upon trial the jury found said defendant guilty of arson in the second degree, with recommendation for leniency. The court, being of the opinion that said defendant, Wong Bow, was a fit subject for commitment to the Preston School of Industry, at Ione, California, suspended judgment (sentence) and ordered said defendant committed to said Preston School of Industry until he reaches the age of twenty-one years, or until legally discharged.

This appeal is from said judgment and order denying his motion for a new trial. Appellant has filed no briefs herein nor has his time so to do been extended either by stipulation or order of this court. Under such circumstances, while we are not called upon to review the transcript, we have carefully perused the same and are satisfied that the defendant had a full and impartial trial and was justly convicted of arson. Indeed, the evidence against him is overwhelmingly convincing, and we have perceived no sufficiently prejudicial error in the instructions of the trial court, nor ruling upon the admission or rejection of evidence, to warrant any interference by this court with said judgment or order.

The judgment and order are, therefore, affirmed.