[Crim. No. 467. Third Appellate District.—April 16, 1919.]

## THE PEOPLE, Respondent, v. FORTUNATO MEDAINI, Appellant.

[1] CRIMINAL LAW — APPEAL — FAILURE TO APPEAR — EXAMINATION OF RECORD.—Where on appeal in a criminal case no brief is filed on behalf of the appellant and no appearance is made by or for him when the cause is, in its regular order, called for hearing and argument, and the case is submitted upon the record, it is not necessary that the reviewing court should enter into a minute examination of the facts. A general, or cursory, examination of the record is all that is required.

APPEAL from a judgment of the Superior Court of Napa County. Henry C. Gesford, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. S. Bell for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

HART, J.—Early on the evening of July 7, 1918, at St. Helena, Napa County, the defendant shot and killed his wife, Mary Medaini. The homicide appears to have been the result of jealousy or a suspicion on the part of the defendant that the deceased had been unduly intimate with an employee of the defendant. The defendant was arrested and in due time charged with and tried in the superior court of Napa County for the crime of murder. He interposed at the trial the defense of insanity. The jury found him guilty of murder of the second degree, and he was thereupon sentenced by the court to imprisonment in the state prison at Folsom. He appeals from the judgment and the order denying his motion for a new trial.

The transcript on appeal was filed in this court on the thirty-first day of January, 1919. The case was placed on the calendar of the late (April, 1919) term of this court for hearing, and the attorney for the defendant and the attorney-general regularly and duly notified of the day upon which it would be called for argument. No brief has ever been filed on behalf of the defendant in support of the appeals, nor was there any appearance by or for him when the cause was, in its regular order, called for hearing and argument. There was, therefore, no other course open to the attorney-general than to submit the case upon the record, or, perhaps, to move for a dismissal of the appeals. That officer chose the former course.

[1] While it is perhaps the duty of a reviewing court, where a criminal case, in which no appearance by brief or otherwise has been made for the accused, has been submitted upon the record, to give the record such an examination as will enable such court to determine whether obvious errors, likewise prejudicial to the accused, have been made, still, in such cases so submitted, the law does not cast upon the appellate courts the duty of scrutinizingly examining the record for the purpose of searching for possible errors which might

be found, upon mature reflection, to have been detrimental to the rights of the accused. If the record, upon its face, shows that error prejudicial to the accused has been committed—if, for instance, it plainly appears that the information states no public offense, then, no less in a case where no brief has been filed or oral argument made on behalf of the defendant than in a case wherein briefs have been filed and oral arguments presented, should a reviewing court hesitate to order a reversal. But, as stated, we do not regard it necessary, where a criminal case is submitted under such circumstances as this case has been submitted, that a reviewing court should enter into a minute examination of the facts. A general, or cursory, examination of the record is all that is required. This we have given this record. Indeed, in view of the fact that the defendant was tried for and convicted of the crime of murdering his own wife, and of the further fact that he set up insanity as a legal excuse for his act, we have gone further and examined with painstaking care both the evidence and the charge of the court. The defense, as the plea of insanity implies, admitted at the trial that Medaini shot and killed his wife, and the evidence clearly discloses that, unless the accused was at the time he fired the fatal shot bereft of all sense and reason, or, in other words, was insane, the killing amounted to a deliberate, legally unprovoked and cruel murder. As to the instructions, it is to be remarked that, in its charge, the court, with singular clearness, stated to the jury every principle or rule of law applicable and pertinent to the case as it was made by the information and the proofs. Nor, in our examination of the record, have we encountered any rulings touching the question of the legal propriety of any of the evidence which, even where strictly not correct, could have resulted in injury to the defendant. In a word, the cause appears to have been in all particulars well and fairly tried, and the defendant, therefore, accorded a fair and impartial trial.

The judgment and the order are affirmed.

Chipman, P. J., and Burnett, J., concurred.