[Crim. No. 472. Third Appellate District.—October 23, 1919.]

THE PEOPLE, Respondent, v. JESSE MARTINEZ, Appellant.

[1] CRIMINAL LAW—APPEAL—FAILURE TO FILE BRIEF OR ORALLY ARGUE—AFFIRMANCE OF JUDGMENT.—Where on appeal from a judgment in a criminal prosecution no brief is filed by either party, nor any appearance made by the appellant at the argument on the day set therefor in the appellate court, it must be assumed that the appeal has been abandoned and the judgment should be affirmed for want of prosecution.

[2] ID.—CASE AT BAR—PERUSAL OF RECORD BY APPELLATE COURT—JUST CONVICTION—MODIFICATION OF JUDGMENT.—On this appeal from a judgment of conviction of statutory rape, although no brief was filed by either party, nor any appearance made by the appellant at the argument on the day set therefor in the appellate court, the cause having been submitted on the record upon motion by the attorney-general, the appellate court carefully perused the pleadings, the evidence, and the instructions, together with the rulings of the court upon the admission and rejection of evidence, and was convinced that the defendant, after a fair and impartial trial, was justly convicted of the crime of statutory rape with which he was charged. The judgment, however, was amended by striking out the words "for the term of not more than fifty (50) years, the exact term to be determined as provided by law."

APPEAL from a judgment of the Superior Court of Stanislaus County. L. W. Fulkerth, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

A. J. Carlson for Appellant.

U. S. Webb, Attorney-General, and J. Chas. Jones, Deputy Attorney-General, for Respondent.

ELLISON, P. J., *pro tem.*—Defendant was informed against by the district attorney of Stanislaus County, state of California, in which he was charged "with having on or about the twentieth day of August, 1918, in the county of Stanislaus, state of California, and prior to the filing of this information, willfully, unlawfully and feloniously accomplished an act of sexual intercourse with and upon one Catherine Medina, then and there a female under the age of eighteen years, to wit, of the age of twelve years, and not then and there the wife of the said 'Jessie' Martinez."

[1] Defendant, on the first day of July, 1919, secured from this court an order extending his time to and including the twentieth day of July, 1919, within which to file his opening brief on appeal from the judgment of conviction, the attorney-general, by stipulation, having previously agreed thereto. No brief was filed by either party nor was any appearance made by the defendant at the argument on the day set therefor in this court, nor was any further stipulation or order made extending defendant's time to file his brief. Upon motion by the attorney-general the cause was accordingly submitted on the record.

In the case of *People* v. *Young,* 38 Cal. App. 492, [176 Pac. 696], under a similar set of circumstances, the court held that it must be assumed that the appeal has been abandoned and the judgment should be affirmed for want of prosecution. (See, also, *People* v. *Wong Bow,* 38 Cal. App. 213, [175 Pac. 802]; *People* v. *Schiaffino,* 40 Cal. App. 675, [181 Pac. 813]; and *People* v. *Medaini,* 40 Cal. App. 676, [181 Pac. 673].)

[2] Notwithstanding the foregoing, we have carefully perused the pleadings, the evidence, and the instructions, together with the rulings of the court upon the admission and rejection of evidence, and are fully convinced that the defendant, after a fair and impartial trial, was justly convicted of the crime of statutory rape with which he was charged. No sufficiently prejudicial errors appear in the

record to warrant any interference with the action of the lower court.

The judgment is amended by striking out the words "for the term of not more than fifty (50) years, the exact term to be determined as provided by law," and, as so amended, the judgment and the order are affirmed.

Hart, J., and Burnett, J., concurred.